342 So.2d 1023 (1977)
Ivan C. ROSS, Petitioner,
v.
STATE of Florida, DIVISION OF PROFESSIONS, DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATIONS, FLORIDA STATE BOARD OF CHIROPRACTIC EXAMINERS, Respondent.
No. CC-244.
District Court of Appeal of Florida, First District.
February 15, 1977.
Rehearing Denied March 23, 1977.
Rosemary Barkett of Farish & Farish, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Carol L. Reilly, Asst. Atty. Gen., for respondent.
MILLS, Judge.
Ross seeks review of an order of the Florida State Board of Chiropractic Examiners (Board) revoking his license to practice chiropractic in Florida. Although a number of issues have been raised, the issues which are determinative of this review are whether there is substantial competent evidence to support the findings of the Board and whether the penalty imposed on Ross was excessive.
*1024 On the basis of a patient's complaint, the Board charged Ross with lack of good moral character, Section 460.13(3)(b), Florida Statutes (1975), as well as unprofessional conduct with which we are not concerned. A hearing officer found the facts to be those generally set forth below and recommended that Ross' license be revoked. The Board adopted the hearing officer's recommended order and revoked Ross' license.
A female patient of Ross claimed that while under his treatment for a back condition, Ross used a vibrator in her pubic area causing her to have an orgasm. Following this event, the patient contends that Ross undressed, straddled her legs while she was on the examining table in the nude and manipulated himself to an orgasm. Ross denied the accusation.
Although we might have reached a different result, there is substantial competent evidence to support the Board's findings of fact and we affirm its findings of fact.
The revocation of Ross' license is too severe and we reverse on this issue. Ross has been a licensed practicing chiropractor in Florida since January 1953. No prior complaints of any kind were filed against him. A number of people filed affidavits attesting to his good moral character. The only evidence to the contrary is that of the patient which is uncorroborated and involves a single incident. It is unnecessary that we go into the details of other mitigating circumstances reflected by the record. We are of the opinion that to terminate Ross' livelihood after twenty-two years of unblemished service to his profession and patients is unreasonable and excessive. See Richardson v. Florida State Board of Dentistry, 326 So.2d 231 (Fla. 1st DCA 1976).
The revocation of Ross' license is quashed and this case is remanded with instructions that the Board suspend Ross from the practice of chiropractic in Florida for a period of six months following which he is to be reinstated. Otherwise, the petition for review is denied.
BOYER, C.J., and McCORD, J., concur specially.
BOYER, Chief Judge, concurring specially.
If the facts recited in the foregoing opinion were the totality of the facts in this case, I would not be inclined to agree with the decision. However, the record reveals extensive evidence relative to the conduct of the complaining witness, the recitation of which would serve no useful purpose here, but which in my view is material and which requires the decision here reached. I, accordingly, concur.
McCORD, Judge, concurring specially.
I agree with the foregoing opinion of Judge Mills as amplified by the special concurring opinion of Chief Judge Boyer and, therefore, concur.